**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN KYSER, IDOC # B01839,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-990-GPM** |
| | ) | |
| **DAVID REDNOW, Warden, Menard** | ) | |
| **Correctional Center, and R. POLLION,** | ) | |
| **Nurse, Menard Correctional Center,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff John Kyser, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of two years' imprisonment at the Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by persons acting under color of state law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

According to the allegations of Kyser's pro se complaint, Kyser suffers from chronic back pain. Kyser alleges that he requested pain medication from Defendant R. Pollion, a nurse who works at Menard, and that, although he eventually received the medication that he requested, there was some delay in giving Kyser the medication. Kyser seems also to allege that there was some delay on the part of medical personnel at Menard before he was given an x-ray of his back, which disclosed several fractured or broken bones in Kyser's back. Additionally, Kyser complains that, notwithstanding the pain in his back, which affects his ability to stand up straight, he is housed in a gallery at Menard that requires him to walk up ten flights of stairs in order to reach his cell. Kyser contends that the foregoing facts establish deliberate indifference to his serious medical needs on the part of IDOC medical personnel, in violation of Kyser's Eighth Amendment rights. Named as a

Defendant in the case, in addition to Pollion, is David Rednow, the warden of Menard.  Kyser prays for damages in the amount of $50,000, together with "proper pain medication . . . [and] proper medical care that [he] need[s] for [his] back."  Doc. 1 at 6.

It is well settled, of course, that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  As the United States Court of Appeals for the Seventh Circuit has instructed, "[t]he Eighth Amendment to the Constitution of the United States proscribes the infliction of 'cruel and unusual punishments.'  The amendment imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom it has incarcerated." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements.  The first requirement compels the prisoner to satisfy an objective standard:  "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The second requirement demands that the prisoner satisfy a subjective standard:  "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297, 302-03).  *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to

serious medical needs is whether the officials exhibited 'deliberate indifference.'").  The indicia of

a serious medical need are:  (1) where failure to treat the condition could "result in further significant

injury or the unnecessary and wanton infliction of pain"; (2) "existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of

a medical condition that significantly affects an individual's daily activities"; or (4) "the existence

of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)

(internal quotation marks omitted).

      With respect to Defendant Rednow, Kyser's complaint is devoid of any allegations showing

Rednow's participation in a violation of Kyser's civil rights, and it is clear that Rednow is sued in

this case merely by virtue of his position as the warden at Menard.  However, "[42 U.S.C. §] 1983

creates a cause of action based on personal liability and predicated upon fault; thus, liability does not

attach unless the individual defendant caused or participated in a constitutional deprivation."

*Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d

864, 869 (7th Cir. 1983)).  "The doctrine of *respondeat superior* does not apply to § 1983 actions;

thus to be held individually liable, a defendant must be 'personally responsible for the deprivation

of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting

*Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Burks v. Raemisch*, 555

F.3d 592, 593, 596 (7th Cir. 2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436

U.S. 658 (1978)) (noting that "Section 1983 does not establish a system of vicarious responsibility"

and therefore "public employees are responsible for their own misdeeds but not for anyone else's.").

As to whether or not IDOC medical personnel were prompt in furnishing Kyser with pain medication

and an x-ray of his back, the Seventh Circuit Court of Appeals holds that mere "delay . . . [that] may

or may not have been negligent" on the part of prison medical staff in furnishing treatment to a prisoner "certainly [does] not constitute deliberate indifference for purposes of the Eighth Amendment." *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)).  Thus, even delays in providing treatment of many months' duration that result in serious injury to a prisoner have been found not to rise to the level of deliberate indifference.  *See, e.g., Martin v. Tyson*, 845 F.2d 1451, 1457-58 & n.4 (7th Cir. 1988) (a delay of approximately five months in treating a prisoner's broken tooth did not amount to deliberate indifference); *Shockley*, 823 F.2d at 1069, 1072 (four months' delay in providing a paraplegic prisoner with medical supplies to prevent pressure sores on the prisoner's buttocks did not amount to deliberate indifference, even though, as a result of the delay, the prisoner developed an ulcer on his left buttock and ultimately lost a substantial amount of bone in that buttock).  In this case, it appears that Kyser first complained to the medical staff at Menard about pain in his back on July 16, 2010, and that Kyser's back was x-rayed approximately two days later.  *See* Doc. 5 at 1, 2. With respect to pain medication, a grievance filed by Kyser on August 9, 2010, reflects that at that time Kyser already was receiving such medication.  *See* Doc. 1 at 12.  Therefore, any delay on the part of IDOC medical personnel in treating Kyser's back pain plainly was de minimis and does not rise to the level of an Eighth Amendment violation.

Concerning Kyser's cell assignment and whether that assignment adequately accommodates his back pain, this obviously is not a matter over which the medical staff at Menard have any control, nor is there anything in the allegations of Kyser's complaint and the documentation in support thereof to suggests that Kyser ever sought a new cell assignment for medical reasons.  Finally, with respect to whether Kyser is receiving "proper" medication and care, and whether he continues to

suffer pain in his back, it appears that Kyser wishes to be examined by a specialist, *see* Doc. 5 at 1, and believes that "something more should be done" about his back pain. Doc. 1 at 12. However, a prisoner's quibbles about the course of treatment selected by his or her health care providers and the effectiveness of that course of treatment are not actionable as violations of the prisoner's civil rights. "[T]he Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Correspondingly, for purposes of the Eighth Amendment, "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the Amendment's purview. Such matters are questions of tort, not constitutional law." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107) (brackets omitted). *See also Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (holding that when, "[a]t best, [a prisoner] alleges a disagreement with medical professionals about his needs," then the prisoner "does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle*[.]"). Furthermore, "[m]edical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374 (citing *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996)). *See also Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000) ("A doctor might be careless . . . , and this carelessness may constitute malpractice. But malpractice alone is not enough to meet the constitutional standard."). Thus, "[m]ere negligence or even gross negligence does not constitute deliberate indifference." *Snipes*, 95 F.3d at 590 (citing *Wilson*, 501 U.S. at 305). Kyser is unhappy with the medical treatment he has received at Menard, but he has not alleged a violation of his Eighth Amendment rights. Therefore, his complaint is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Kyser's complaint fails to state a claim upon which relief may be granted with respect to his claim of a violation of his Eighth Amendment rights.  Therefore, this action is **DISMISSED with prejudice**.  Kyser is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).  The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  January 23, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge